IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------------x
In re:                                              : Case No. 21-60124
                                                    :
HERITAGE CHRISTIAN SCHOOLS                          : Chapter 11
OF OHIO, INC.                                       :
                                                    : Judge Russ Kendig
  an Ohio corporation,                             :
                                                    :
        Debtor and                                :
        Debtor-in-Possession.                     :
                                                    :
(Employer Tax I.D. No. 34-1026284)                  :
------------------------------------------------------------x

**OBJECTION TO CLAIM NO. 3-1 FILED BY HERITAGE CANTON, LLC AND
BRIEF IN SUPPORT OF MOTION TO AVOID UNAUTHORIZED
<u>POST PETITION TRANSFER</u>**

    Now comes Heritage Christian Schools of Ohio, LLC, the Debtor and Debtor-in-Possession herein (the "Debtor"), and hereby submits its Objection to Claim No. 3-1 and Brief in Support of Debtor's Motion to Avoid Unauthorized Post-Petition Transfer (the "Motion") (Doc. No. 80). For its Objection and Brief, the Debtor states as follows:

    1.    On February 2, 2021, (the "Petition Date") the Debtor commenced the instant chapter 11 case.

2. The Court has jurisdiction over the Debtor's case and this proceeding pursuant to 28 U.S.C. §§1334, venue is proper in the Court pursuant to 28 U.S.C. §§1408 and 1409, and this is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(B).

3. The Debtor objects to claim no. 3-1 filed by the Heritage Canton, LLC ("HC") on March 24, 2021, to the extent HC is claiming a security interest in the Debtor's personal property.

4. The Debtor incorporates as if fully rewritten herein the Debtor's Reply to Creditor Heritage Canton LLC's Objection to Motion of Debtor for Entry of Interim and Final Orders Authorizing Use of Cash Collateral and Motion to Avoid Unauthorized Post-Petition Transfer (Doc. No. 80) (the "Motion") and the Debtor's Reply to Creditor Heritage Canton LLC and Quest Solutions Inc's Response in Opposition to Debtor's Motion to Avoid Unauthorized Post-Petition Transfer (Doc. No. 92) (the "Reply").

5. The Debtor also adopts in part, the Report of Subchapter V Trustee and Statement Concerning Confirmation of Plan (Doc. No. 137) (the "Report") in which the Subchapter V Trustee (the "Trustee") points out in paragraphs 15 and 16 that HC has not established that it holds a valid security interest in the Debtor's personal property.

6. HC's Proof of Claim has numerous exhibits attached. The exhibits pertinent to this Objection are as follows:

(i) Allonge dated November 1, 2019, assigning only a promissory noted dated August 1, 2013, in the amount of $300,000 to Private Capital Lending LLC (Proof of Claim at page 24) ("Assignment 1");

(ii) Allonge dated November 1, 2019, assigning only a promissory noted dated September 7, 2017, in the amount of $250,000 to Private Capital Lending LLC (Proof of Claim at page 47) ("Assignment 2");

(iii) Assignment of Mortgage dated November 1, 2019, assigning only a mortgage filed in Stark County as instrument no. 200207020052111 to Private Capital Lending, LLC (Proof of Claim at page 71) ("Assignment 3");

(iv) Assignment of Mortgage dated November 1, 2019, assigning only a mortgage filed in Stark County as instrument no. 201409190036061 to Private Capital Lending, LLC (Proof of Claim at page 76) ("Assignment 4");

(v) Assignment of Note and Mortgage dated December 27, 2019, assigning note and mortgage (Assignments 1 & 3) only from Private Capital Lending, LLC to HC (Proof of Claim at page 80) ("Assignment 6");

(vi) Assignment of Note and Mortgage dated December 27, 2019, assigning note and mortgage (Assignments 2 & 4) only from Private Capital Lending, LLC to HC (Proof of Claim at page 85) ("Assignment 7");

(vii) Beginning on page 100 and running through page 111 are financing statements and assignments as follows:

   a. Unizan Bank, NA financing statement no. OH 00051433402 filed July 3, 2002, (Proof of Claim at page 102) ("UCC 1");

   b. Assignment of UCC 1 to Quest (Proof of Claim at page 100);

   c. Unizan Bank, NA financing statement no. OH 00051433846 filed July 3, 2002, (Proof of Claim at page 106) ("UCC 2);

   d. Assignment of UCC 2 to Quest (Proof of Claim at page 104;

   e. Assignment of UCC 1 to Quest dated March 3, 2021(Proof of Claim at page 109); and

(viii) Assignment agreement dated December 27, 2019, of a "Business Loan Agreement and Commercial Security Agreement and related documents ("Assigned Documents") with HERITAGE CHRISTIAN SCHOOLS OF OHIO, as Debtor…." From Private Capital Lending, LLC to Quest, and from Quest to HC (Proof of Claim at page 112) (the "PCL Assignment").

7. HC's proof of claim cannot be allowed to the extent it claims to be secured by anything other than the Debtor's real property and assignment of rents. The Debtor's arguments made in the Motion and Reply, and particularly, HC's and Quest's admissions in its Response to Debtor's Motion to Avoid Unauthorized Post-Petition Transfer (Doc. No. 90) (the "HC Response") at paragraphs 3, 39, and 41 are fatal to HC's claim that its security extends to the Debtor's personal

property and cash.  In the HC Response, HC admits multiple times that the security interest was assigned by Huntington Bank to Quest.

8. Indeed the only documentation presented by the Objectors related to the security interest is the financing statement assignments noted in paragraph 6(vii) above.  The PCL Assignment used defined terms that are not defined anywhere.  There is no document attached to HC's proof of claim that defines "Business Loan Agreement and Commercial Security Agreement".  Nothing indicates an assignment of the promissory notes to Quest to accompany the security interests.  HC tried to cure its defective position by creating the PCL Assignment but, as set forth in the Motion, such an attempt to bootstrap a worthless security interest, with another debt is not permissible.  The Bankruptcy Code snapshot rule prevents a creditor from improving its position vis-à-vis other creditors or the Debtor as a judicial lien creditor pursuant to 11 U.S.C. § 544.

9. As more fully stated in the Motion and Reply, the intervening bankruptcy filing by the Debtor froze the position of the parties:  HC with the note and mortgage and Quest with the security interest in personal property but no debt.

10. HC stated in its Response in Opposition to Debtor's Motion to Avoid Unauthorized Post-Petition Transfer (Doc. No. 90) at paragraph 14:

> As the Georgia Steel court further explained, "Such a transfer merely substitutes the party that holds the interest or claim against the debtor's bankruptcy estate, and **such transfer does not serve to increase or decrease the interest or claim the party asserts against the debtor's bankruptcy estate**." Matter of Georgia Steel, Inc., supra.  Emphasis added.

That is exactly the Debtor's point: Quest's transfer of its security interest does not "serve to increase or decrease the interest or claim…."  On the petition date, HC's claim was secured only by a mortgage on the Debtor's real property and assignment of rents and that condition cannot change post-petition.

11. In sum, HC's claim cannot be allowed as secured by all of the Debtor's assets because, by admission, HC did not hold the security interest in personal property and cash on the petition date. Further, the post-petition assignment of the security interest from Quest to HC cannot be used to improve HC's position as stated by the Georgia Steel court. The snap shot rule freezes creditors' positions as of the petition date. HC, being the holder of the notes on the petition date was, and is, the party entitled to enforce them, not Quest. The post petition assignment of the security, without the right to enforce the notes adds nothing to HC's claim.

12. Notwithstanding the foregoing, the Debtor is proposing to pay HC's secured claim of $536,000 at 1.5% over the prime interest rate amortized over 20 years and the balance of its claim over 5 years in quarterly payments through its plan of reorganization. The only substantive dispute is the extent of HC's collateral, not really the amount it is going to be paid by the Debtor.

Accordingly, for reasons stated herein, the Debtor respectfully requests that the Court enter an order in the form attached hereto as Exhibit A, (i) allowing claim no. 3-1 only to the extent it is secured by the Debtor's real property and assignment of rents but not as to the Debtor's personal property, and (ii) granting any other and further relief the Court deems just and proper.

Respectfully submitted,

/s/ Anthony J. DeGirolamo
Anthony J. DeGirolamo (0059265)
3930 Fulton Dr., N.W., Ste. 100B
Canton, Ohio 44718
Telephone: (330) 305-9700
Facsimile: (330) 305-9713
E-Mail: tony@ajdlaw7-11.com

COUNSEL FOR THE DEBTOR
AND DEBTOR IN POSSESSION

# **NOTICE OF OBJECTION TO CLAIM**

The Debtor has filed an objection to your claim in this bankruptcy case.

**Your claim may be reduced, modified, or eliminated.** You should read these papers carefully and discuss them with your attorney, if you have one.

If you do not want the court to eliminate or change your claim, then on or before **February 14, 2022**, you or your lawyer must:

File with the court a written response to the objection, explaining your position at:

> United States Bankruptcy Court
> Ralph Regula U.S. Courthouse
> 401 McKinley Avenue SW
> Canton, Ohio 44702

If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

You must also mail a copy to:

> Anthony J. DeGirolamo, Esq.
> 3930 Fulton Drive NW, Suite 100B
> Canton, Ohio 44718

Attend the hearing[1] on the objection, scheduled to be held on **March 1, 2022, at 2:00 p.m.** in the Courtroom, at the United States Bankruptcy Court, Ralph Regula U.S. Courthouse, 401 McKinley Avenue SW, Canton, Ohio 44702.

If you or your attorney do not take these steps, the court may decide that you do not oppose the objection to your claim.

Date: January 13, 2022                Signature: /s/ Anthony J. DeGirolamo
                                                 Anthony J. DeGirolamo (0059265)

---

[1] The Court's dial in number is 888-684-8852 and the access code is 3303949 followed by the pound (#) sign. For further details on telephonic participation, please refer to the Court's Notice of Telephonic Hearing Procedure for Judge Kendig dated March 18, 2020, at https://www.ohnb.uscourts.gov/sites/default/files/memoranda/telephonic-hearing-procedure-31820.pdf

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2022, a copy of the foregoing Objection was electronically transmitted via the Court's CM/ECF system to those listed on the Court's Electronic Mail Notice list:

- Anthony J. DeGirolamo    tony@ajdlaw7-11.com, amber@ajdlaw7-11.com;G23630@notify.cincompass.com
- Mathew E. Doney    medoney@bmdllc.com, vdmiller@bmdllc.com
- Melody A. Dugic    mdugic@hendersoncovington.com
- Matthew R. Duncan    mrduncan@bmdllc.com, blhefner@bmdllc.com
- Frederic P. Schwieg    fschwieg@schwieglaw.com
- United States Trustee    (Registered address)@usdoj.gov
- Amy Good ust08    amy.l.good@usdoj.gov

/s/ Anthony J. DeGirolamo
Anthony J. DeGirolamo

**EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | : | Case No. 21-60124 |
| | : | |
| HERITAGE CHRISTIAN SCHOOLS | : | Chapter 11 |
| OF OHIO, INC. | : | |
| | : | Judge Russ Kendig |
| an Ohio corporation, | : | |
| | : | |
| Debtor and | : | |
| Debtor-in-Possession. | : | |
| | : | |
| (Employer Tax I.D. No. 34-1026284) | : | |

**ORDER GRANTING OBJECTION TO CLAIM NO. 3-1**
**FILED BY HERITAGE CANTON, LLC**

Before the Court is the Objection to Claim No. 3-1 filed by the Debtor and Debtor in Possession, Heritage Christian Schools of Ohio, Inc. (Doc. No. ____) (the "Objection").

The Court has jurisdiction over the Debtor's case and this proceeding pursuant to 28 U.S.C. §§1334, venue is proper in the Court pursuant to 28 U.S.C.§§1408 and 1409, and this is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(B).

Based upon the representations contained in the Objection, the record in this case, and for good cause having been shown, the Court hereby **FINDS AND DETERMINES THAT**:

1. Service of the Objection and Notice was proper pursuant to the Bankruptcy Code and all applicable Bankruptcy Rules.

2. Claim no. 3-1 filed by Heritage Canton, LLC should be, and hereby is, allowed as secured to the extent of the Debtor's real property and assignment of rents but, Heritage Canton, LLC's claim is not secured by any other of the Debtor's property.

IT IS SO ORDERED.

# # #

Prepared by:

Anthony J. DeGirolamo (0059265)
3930 Fulton Dr., N.W., Ste. 100B
Canton, Ohio 44718
Telephone: (330) 305-9700
Facsimile: (330) 305-9713
Email: tony@ajdlaw7-11.com

COUNSEL FOR THE DEBTOR
AND DEBTOR IN POSSESSION

# CERTIFICATE OF SERVICE

I hereby certify that on _____ __, 2022, a copy of the foregoing Order was electronically transmitted via the Court's CM/ECF system to those listed on the Court's Electronic Mail Notice list:

- Anthony J. DeGirolamo    tony@ajdlaw7-11.com, amber@ajdlaw7-11.com;G23630@notify.cincompass.com
- Mathew E. Doney    medoney@bmdllc.com, vdmiller@bmdllc.com
- Melody A. Dugic    mdugic@hendersoncovington.com
- Matthew R. Duncan    mrduncan@bmdllc.com, blhefner@bmdllc.com
- Frederic P. Schwieg    fschwieg@schwieglaw.com
- United States Trustee    (Registered address)@usdoj.gov
- Amy Good ust08    amy.l.good@usdoj.gov

_____
Deputy Clerk